IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JAMES MOON,<br><br>        Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CR NO. 13-00244 DKW<br>CV NO. 16-00171 DKW-RLP<br><br>**ORDER DENYING MOON'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

**ORDER DENYING MOON'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

      Pursuant to a Plea Agreement, Petitioner James Moon pled guilty to, and was sentenced to 168 months' imprisonment for, conspiracy to possess with the intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Relying on 28 U.S.C. § 2255, Moon now seeks to vacate his sentence, notwithstanding a broad waiver provision in his Plea Agreement that prohibits collateral attacks in most circumstances.  After careful consideration of Moon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), the record, and the relevant legal authority, Moon's § 2255 Motion is DENIED.

## BACKGROUND

### I. Indictment & Guilty Plea

Moon and his co-defendant, Francisco Palma, III, were charged with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine (Count 1). Both defendants were also charged with possession with the intent to distribute "five hundred (500) grams or more, to wit, approximately eight and one-half (8 ½) pounds of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers and five hundred (500) grams or more, to wit, approximately four and one-half (4 1/2) pounds of a mixture and substance containing a detectable amount of cocaine . . ." (Count 3). In addition, Moon alone was charged with distribution of "five hundred (500) grams or more, to wit, approximately three (3) pounds of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers" (Count 2). Dkt. No. 13.

On January 31, 2014, Moon pled guilty to Count 1 of the Indictment. Dkt. No. 57. The factual basis for the plea, to which Moon expressly admitted, was set forth in a Memorandum of Plea Agreement ("Plea Agreement"). Dkt. No. 109-1, Gov't Exh. A. Moon acknowledged that the penalties for the offense to which he

pled guilty included "a mandatory minimum term of imprisonment of ten (10) years, [and] a statutory maximum term of imprisonment of life . . . ." *Id.* at ¶ 7.

Paragraph 10 of the Plea Agreement contained the following stipulations concerning the sentencing guidelines:

> 10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:
>
> a. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.
>
> b. The parties agree that Defendant is an "organizer, leader, manager, or supervisor" as defined in Sentencing Guideline Section 3B1.1(c) and stipulate that Defendant's base offense level shall

>   reflect the two level increase pursuant to Section 3B1.1(c).
>
> c. Defendant acknowledges that the prosecution could file a []Special Information as to Prior Drug Conviction Pursuant to 21 U.S.C. Section 851 (hereafter "Special Information") for the purpose of seeking enhanced sentencing under 21 U.S.C. Section 851 based upon the Defendant's prior conviction on or about February 2, 1994 in the Superior Court for the State of California, San Jose, Case No. 163303, for the transportation, sale or distribution of a controlled substance in violation of Section 11-352(a) of the California Health and Safety Code. In exchange for Defendant's guilty plea to count 1 and the stipulation in paragraph 10(b), the prosecution agrees that it will not file a Special Information in this case regarding the Defendant's prior felony drug conviction.

*Id.* at ¶ 10(a)-(c).

Relevant to the issues before the Court, Moon expressly waived his right to appeal or otherwise challenge his sentence, except under limited circumstances:

> 12. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution this plea agreement.
>
>   a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion

>> brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.
>
> b. If the Court imposes a sentence greater than the specified guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

*Id*. at ¶ 12(a) & (b).

Similarly, Moon "surrender[ed] his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that [Moon] perceive[d] to be an incorrect application of the Guidelines." *Id*. at ¶ 13. In addition, Moon acknowledged that "no threats, promises, or representations [had] been made, nor agreement reached, other than those set forth in [the Plea] Agreement, to induce [Moon] to plead guilty." *Id*. at ¶ 17.

During the January 31, 2014 change of plea proceeding, Moon was represented by counsel. Dkt. No. 109-3, Gov't Exh. C. Moon acknowledged during the plea colloquy that he understood and had spoken with his attorney about the Plea Agreement; that the Plea Agreement reflected his entire agreement with the Government; and that the Government had not made any promises to him that were not contained in Plea Agreement. *Id*. at 9-10. As to his sentence, Moon

acknowledged that the maximum term of imprisonment was life and that there was a mandatory minimum term of ten years. *Id*. at 8-9. At the conclusion of its colloquy, the Court found that Moon "understands the factors that the Court will consider in imposing the sentence[,] including the maximum possible punishment, and the mandatory minimum." *Id*. at 32.

## II. Sentencing

On April 8, 2015, the Court sentenced Moon. Dkt. No. 99; Dkt. No. 109-2, Gov't Exh. B. The presentence investigation report, to which there were no objections, reported that Moon was "accountable for 4.967 kilograms of methamphetamine and 2.001 kilograms of cocaine." Gov't Exh. B, Tr. at 3. Based on the applicable guidelines, and after accounting for Moon's leadership role and his timely acceptance of responsibility, Moon's total offense level was 37. *Id.* at 4. Because Moon fell into criminal history category I, the applicable term of imprisonment under the guidelines was 210-262 months. *Id*.

Moon's counsel pointed out a number of mitigating factors in this case that militated against imposing a sentence within the guideline range, and instead, argued that a sentence greater than 40 months more than his codefendant's 80-month sentence was not warranted. *Id.* at 14-15. The Court, after considering each of the factors set forth in Section 3553(a) of Title 18, concluded that a term of imprisonment of 168 months was appropriate. *Id.* at 21, 28. The Court did not

impose a fine, but did impose five years' supervised release and a mandatory $100 special assessment. *Id.*

Judgment was entered on April 9, 2015, and Moon did not appeal. Dkt. No. 100.

**III. <u>Motion to Vacate Sentence Under 28 U.S.C. § 2255</u>**

On April 11, 2016, Moon filed the instant motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and prosecutorial misconduct. Dkt. No. 104. On May 11, 2016, the Government filed its response to Moon's motion. Dkt. No. 109. On May 31, 2016, Moon filed his reply. Dkt. No. 110.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

In addition, the court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). In other words, "[a] hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.*

## DISCUSSION

**I.    Moon's Plea Agreement Bars Any Collateral Challenge, Except One Based on a Claim of Ineffective Assistance of Counsel**

As an initial matter, Moon's Plea Agreement expressly precludes any collateral challenge, other than one based on a claim of ineffective assistance of counsel. Specifically, Moon waived:

> his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under [§ 2255], except that [Moon] may make such a challenge (1) [to any portion of his sentence greater than that specified in the guideline range, if the court imposes such a sentence], or (2) based on a claim of ineffective assistance of counsel.[1]

Gov't Exh. A, at ¶ 12.

---

[1] Although Paragraph 12 of the Plea Agreement preserves Moon's right to collaterally challenge any sentence above the applicable guideline range, that right is of no consequence here because the Court imposed a sentence that was 42 months below, not above, the applicable guideline range.

Moon's waiver is enforceable if: (1) the language of the waiver encompasses the basis of Moon's subsequent challenge, and (2) the waiver was knowingly and voluntarily made. *U.S. v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see United States v. Joyce*, 357 F.3d 921, 922-23 (9th Cir. 2004); *United States v. Rodriguez*, 360 F.3d 949, 959 (9th Cir. 2004). A plea agreement that states that a defendant "knowingly and willfully waives" his right to appeal or collaterally attack a sentence "is unmistakable, and cannot be made ambiguous through extrinsic evidence of prior negotiations." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).

Based on the totality of the record, the Court finds that Moon knowingly and voluntarily waived his right to collaterally attack his conviction and sentence within the confines of Paragraph 12. As previously stated, the Plea Agreement clearly recites the waiver in writing. *See* Gov't Exh. A at ¶ 12. Further, during the January 31, 2014 plea colloquy, at the Court's request, the Government specifically described the very Plea Agreement paragraph now at issue – the waiver provision in Paragraph 12. Gov't Exh. C, Tr. at 13-14. In addition, the Court itself went over this specific waiver provision with Moon and confirmed with him that he understood its terms. *Id.* at 15-16. Moon acknowledged that he had read all of the terms of the Plea Agreement, understood them, and had the opportunity to discuss those terms with his attorney. *Id*. at 9-10. Defense counsel

9

then confirmed that in his estimation, Moon understood the terms of the Plea Agreement, all of which contributed to the Court's finding that Moon had entered a "knowing and voluntary plea of guilty to count one of the Indictment without coercion, force, or threat." *Id*. at 10, 32.

Because Moon's waiver is enforceable, Moon may not use his § 2255 Motion to collaterally attack his sentence, except to the extent that attack is based on the alleged ineffective assistance of counsel.[2]

## II. There Is No Evidence That Moon's Counsel Was Ineffective

To prevail on an ineffective assistance claim, a petitioner must first show that counsel's representation fell below an objective standard of reasonableness. A petitioner must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). In other words, a petitioner must show both that counsel's performance was deficient <u>and</u> that the deficiency was prejudicial. *Id*. at 692.

---

[2]Moon raises claims of prosecutorial misconduct, which appear intertwined with his claims of ineffective assistance of counsel. Even if Moon's claims of prosecutorial misconduct were independently reviewed, the Court finds that they lack merit. For example, Moon claims that the Government committed prosecutorial misconduct by failing to file a motion for downward departure or provide an explanation for not filing one. Pursuant to the terms of the Plea Agreement, the Government was under no obligation to file a motion for downward departure. *See* Gov't Exh. A, at ¶ 22. Nor can Moon point to any requirement obligating the Government to explain its decision to Moon. Moon acknowledged this at his change of plea hearing when he confirmed with the Court that the Government had not made any promises that were not reflected in the Plea Agreement. *See* Gov't Exh. C, Tr. at 10.

To establish prejudice in the context at issue here, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.  Any deficiency that does not result in prejudice necessarily fails.

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. at 690–91.  Conclusory allegations of ineffective assistance of counsel made with no factual or legal explanation fall well short of stating a cognizable claim for ineffective assistance of counsel.  *See Blackledge,* 431 U.S. at 74 ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").  As set forth below, none of Moon's allegations meets the standard to establish ineffective assistance of counsel.

### A. Section 851 Special Information

Moon argues that his counsel provided ineffective assistance by failing to object when the Government claimed that the Plea Agreement listed a prior state court conviction that could be used to enhance Moon's sentence pursuant to a Section 851 Special Information. The Court disagrees.

First, Moon is simply mistaken when he asserts that his Plea Agreement did not contain a reference to his prior conviction. Paragraph 10(c) provides:

> Defendant acknowledges that the prosecution could file a "Special Information as to Prior Drug Conviction Pursuant to 21 U.S.C. Section 851 (hereafter "Special Information") for the purpose of seeking enhanced sentencing under 21 U.S.C. Section 851 based upon the Defendant's prior conviction on or about February 2, 1994 in the Superior Court for the State of California, San Jose, Case No. 163303, for the transportation, sale or distribution of a controlled substance in violation of Section 11-352(a) of the California Health and Safety Code. In exchange for Defendant's guilty plea to count 1 and the stipulation in paragraph 10(b) [that petitioner was an organizer, leader, manager, or supervisor within the meaning of U.S.S.G. § 3B1.1(c)], the prosecution agrees that it will not file a Special Information in this case regarding the Defendant's prior felony drug conviction.

Gov't Exh. A, at ¶ 10. As such, there was nothing improper about defense counsel "remain[ing] silent" when the Government mentioned Moon's prior conviction at his change of plea hearing.

Second, Moon claims that his counsel misadvised him that the Government could seek an enhancement for his prior conviction by filing a Special Information. Moon argues that this prior conviction could not have been used as the basis for a sentencing enhancement because it had been expunged under California Penal Code § 1203.4.[3] Whether expunged or not, and whether counsel identified the prior conviction as expunged or not, is of little, if any, consequence. No one disputes that Moon's prior conviction existed, that the Government (regardless of whether the Court accepted it) could have filed a Special Information based on that conviction, and that the Government never did because the Plea Agreement negated that possibility. The Court fails to see how the inclusion of Paragraph 10(c) in the Plea Agreement, which prohibited the Government from seeking the significant sentencing enhancements afforded by Section 851, could possibly evidence defense counsel's ineffective assistance. It evidences precisely the opposite.

---

[3] The Court notes that section 1203.4 contains a limitation on the relief it offers, stating that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Penal Code § 1203.4; *see also United States v. Hayden*, 255 F.3d 768, 771 (9th Cir. 2001) ("A section 1203.4 order does not 'erase' or 'expunge' a prior conviction, and a conviction set aside pursuant to this statute falls under § 4A1.2's general rules governing federal court's use of prior convictions, and not under § 4A1.2(j)'s exception for 'expunged' convictions.").

### B. <u>Quantity of Drugs</u>

Moon further argues that his counsel was ineffective by first stipulating that Moon's offense involved "500 grams or more" of methamphetamine, and then not objecting when the Government sought to hold Moon "accountable for 4.9 kilos" of methamphetamine at sentencing. Moon claims that this, in effect, allowed the Government to breach the Plea Agreement.

First, nothing in the Plea Agreement is inconsistent with seeking to hold Moon responsible for 4.9 kilograms of methamphetamine because 4.9 kilograms *is* "500 grams *or more*" of methamphetamine. Moon's argument overlooks the words "or more." Second, Moon stipulated in his Plea Agreement that he had conspired to distribute a total of approximately 4.967 kilograms of methamphetamine and 2.001 kilograms of cocaine. Gov't Exh. A, at ¶ 8. The Government's arguments at sentencing therefore sought to hold Moon responsible for precisely the amount of drugs that his Plea Agreement acknowledged he had distributed. As such, not only did the Government not breach the Plea Agreement, but defense counsel did not fail to object to any drug quantity argument advanced by the Government that was inconsistent with the Plea Agreement.

### C. **Downward Departure Motion**

Moon appears to argue that his counsel was ineffective by failing to verify whether the Government's decision not to file a motion for downward departure on his behalf was based on his refusal to wear a wire.

Pursuant to the terms of the Plea Agreement, the Government was never required to file a motion for downward departure, and the Government made that clear at the change of plea hearing. Moon specifically acknowledged in his Plea Agreement that "[t]he decision as to whether to make such a request or motion is entirely up to the prosecution"; that "[t]his Agreement does not require the prosecution to make such a request or motion"; and that "[t]his Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion." Gov't Exh. A, ¶ 22(a)-(c). The Government ultimately decided not to file a motion for downward departure, and whatever was behind that decision did not render his counsel ineffective. In other words, the Government was not obligated to file a motion for downward departure, and Moon cannot expect a remedy for an alleged right that he did not have.

**D.    Sentencing Disparity**

Last, Moon argues that his counsel was ineffective because he did not argue "the disparity in sentencing between [Moon] and his co-defendant [Francisco Palma]." This claim fails because it is refuted by the record.

At sentencing, Moon's counsel in fact argued at length that a sentence within the 210 to 262-month guideline range would be excessively disparate from the 80-month sentence that Francisco Palma, Moon's codefendant, received. Gov't Exh. B, Tr. at 15. Moon's counsel pointed out that "a difference between eight years and 210 months [was] not warranted in this case when looking at the codefendant and [Moon]." *Id.* Accordingly, Moon's counsel argued that an additional 40 months above his codefendant's sentence would sufficiently account for Moon's leadership role. *Id.* In other words, Moon's counsel advocated for a term of imprisonment of 120 months. Although Moon's counsel did not prevail in having Moon sentenced to a term of imprisonment of 120 months, the Court departed from the guideline range of 210-262 months, rejected Probation and the Government's recommendation of a term of imprisonment of 210 months, and instead, sentenced Moon to a term of imprisonment of 168 months. *Id.* at 28. Moreover, the Court commented that Moon's counsel had "obviously invested considerable time preparing and studying the background" of this case because it was "relevant" and "critical to fashioning an appropriate sentence." *Id.* at 24.

In sum, there is nothing in the record that suggests Moon's counsel was ineffective at sentencing, or at any other stage of the proceedings, much less failed to address the issue of a sentencing disparity with co-defendant Palma.

## III. Evidentiary Hearing

The Court is required to hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As the analysis above shows, Moon's claims are either barred by the Plea Agreement, or, with regard to his ineffective assistance of counsel claims, lack merit. The issues raised here can be conclusively decided on the basis of the evidence in the record, and there is no reason to conduct an evidentiary hearing on this motion. *See, e.g.*, *United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998).

## IV. Certificate of Appealability

In dismissing a § 2255 Motion, the Court must address whether Moon should be granted a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). Based on the above analysis, the Court finds that reasonable jurists could not find the Court's rulings debatable. Accordingly, the Court DENIES the issuance of a COA.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Moon's § 2255 Motion and DENIES a Certificate of Appealability. The Clerk of the Court shall enter judgment in favor of the United States and close the case file.

IT IS SO ORDERED.

DATED: August 16, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Moon v. USA; CR 13-244 DKW; CV 16-171 DKW-RLP; ORDER DENYING MOON'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

18